# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY J. MANTIA, LLC, dba ZE DESIGN,** | : | Case No. 3:09-cv-00362-WHR |
| | : | Magistrate Judge Michael R. Merz |
| **Plaintiff,** | : | |
| vs. | : | |
| **IMPACT SPORTS, INC.,** | : | **STIPULATED PROTECTIVE ORDER** |
| **Defendant.** | : | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and insure that protection is afforded only to material so entitled, Plaintiff Anthony J. Mantia, LLC dba Ze Design ("Ze Design") and Defendant, JT Handlen, Inc., previously identified by the Plaintiff as "Impact Sports, Inc." ("JT Handlen"), pursuant to the Federal Rules of Civil Procedure, stipulate and agree to the terms of this Protective Order as follows:

1. **Non-Disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as provided under this Order, no stamped confidential document may be disclosed to any person except as provided in paragraph 2 below.

A "stamped confidential document" means any document that bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under the Federal Civil Rules. For purposes of this Order, the term

"document" means all written, recorded, or graphic material, including but not limited to medical records, whether produced or created by a party or another person, whether produced pursuant to the Federal Civil Rules, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed—

    (a)    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    (b)    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved in the preparation of the claims or defenses in the action to the extent reasonably necessary in preparing such claims or defenses; to owners, principals, or employees of entities involved in

organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the Court a form containing—

    (1)    a recital that the signatory has read and understands this Order;

    (2)    a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and,

    (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

3.    **Declassification.** In the event that any party to this litigation disagrees with the designation of any document or category of documents as confidential, such party shall provide to the designating party written notice of its disagreement. The parties shall first attempt in good faith to resolve any such dispute informally. If the dispute cannot be resolved, the party challenging the designation may petition the Court for a ruling that the document or category of documents designated as confidential is not entitled to such status and protection. Such petition must be requested upon no less than ten days' notice to the designating party. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection. After petition has been made, any document or category of documents designated as confidential shall retain its status as confidential in accordance with all terms of this stipulation and order unless and until the Court issues the requested ruling.

4.     **Confidential Information in Depositions.**  A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 2(c) are complied with.  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b).  A deponent who is a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

5.     **Confidential Information at Trial.**  Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential.  Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosures.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6.     **Subpoena by Other Courts or Agencies.**  If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing.** Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents. Per authority of *Procter &Gamble Co.v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

8. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosures of any item so designated except pursuant to the procedures of paragraphs 2(b) and (c).

9. **Use.** Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

10. **Non-termination.** The provisions of this Order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits or record) shall be returned to the party or person which produced such documents or, at the option of the

producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

11. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys.** The attorneys of records are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

13. **No Waiver.**

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or in camera disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If a party inadvertently or unintentionally produces any confidential document or information without marking or designating it as such in accordance with the provisions of this Order, that party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as confidential from the date such notice is received. Disclosure of such confidential document or information prior to the receipt of such notice, if known, shall be reported to the party that made the disclosure.

14. **Inadvertent Production**. In order to facilitate discovery in this action, the Parties acknowledge that inadvertent production of privileged or arguably privileged matters shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine or other privileges; or (b) a specific waiver of any such privilege with respect to any such matters. Nothing contained in this Order limits or waives the rights of the parties pursuant to Federal Rule of Evidence 502(d).

15. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

**IT IS SO ORDERED:**

February 8, 2010.

s/ 𝕸𝖎𝖈𝖍𝖆𝖊𝖑 𝕽. 𝕸𝖊𝖗𝖟
**Magistrate Judge Michael R. Merz**

AGREED:

Respectfully submitted,

| | |
|---|---|
| s/Jamey T. Pregon | s/Stacy A. Cole (per authority 2/3/10) |
| **Jamey T. Pregon** (0075262), Trial Counsel | **Scott K. Jones** (0069859) |
| jamey@dinklerpregon.com | *Trial Attorney* |
| DINKLER PREGON LLC | E-mail: sjones@graydon.com |
| 2625 Commons Blvd., Suite A | **Stacy A. Cole** (0080075) |
| Dayton, OH 45431 | *Counsel for Plaintiff Anthony J. Mantia,* |
| (937) 426-4200 | *LLC dba Ze Design* |
| (866) 831-0904 (fax) | GRAYDON HEAD & RITCHEY LLP |

*Attorney for Defendant, Impact Sports, Inc.*   1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH  45202
Phone:  (513) 629-2838
Fax:      (513) 333-4358
E-mail:  scole@graydon.com